# UNITED STATES DISTRICT COURT
## Western District of Texas
## Austin Division

| | |
|---|---|
| KATHERINE JONES, §<br>  *Plaintiff* § CASE NUMBER: 1:21-cv-00219<br> §<br>vs. §<br> §<br> §<br>MRS BPO, LLC § **DEMAND FOR JURY TRIAL**<br>  *Defendant.* § | |

## ORIGINAL COMPLAINT

1. Plaintiff Katherine Jones sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain actual damages, statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

## THE PARTIES

3. Plaintiff Katherine Jones ("**Jones**") is an individual who resides in Austin, Texas.

4. Defendant MRS BPO, LLC. ("**MRS**") may be served by serving its registered agent at the following address:

> COGENCY GLOBAL INC.
> 1601 ELM ST., SUITE 4360
> DALLAS, TX 75201

## FACTUAL ALLEGATIONS

5. Jones attempted to get a loan for an automobile.

6. Jones was denied a loan.

7. The basis for the denial of the loan was, in part, due to negative entry placed on her credit report by MRS.

8. An excerpt of Jones' Equifax credit report showing the information reported by MRS is below.

> MRS BPO, LLC.; Collection Reported 10/2020; Assigned 08/2020; Creditor Class - Cable/Cellular; Original Creditor - MRS BPO, LLC.; Amount - $120; Status as of 10/2020- Unpaid; Date of 1st Delinquency 12/2018; Balance as of 10/2020 - $120; Individual Account; Account # - LU1XX1332*; Address: 1930 Olney Ave Mrs Associates, Inc. Cherry Hill NJ 080032016; (800)949-3207

9. The entry shows the original creditor was MRS BPO, LLC.

10. The entry shows the account was an individual account.

11. Jones did not owe MRS $120 for cable or cellular service.

12. Jones has never received cable or cellular service from MRS.

13. Plaintiff is informed and believes, and upon such information and belief, alleges that MRS was attempting to collect a debt on behalf of Spectrum, a cable television provider.

14. MRS is a member of ACA International.

15. ACA International is an association of "credit and collections professionals".

16. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

17. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

18. Plaintiff is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

19. Plaintiff is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

20. MRS is a "debt collector" as defined by § 1692a(6) of the FDCPA.

21. MRS is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

## **COUNT I. VIOLATION OF THE FDCPA § 1692e(2)**

22. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

23. Section 1692e of the FDCPA states:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

    (2) The false representation of—

        (A) the character, amount, or legal status of any debt[.]

24. MRS has falsely represented the amount of the alleged debt.

25. MRS made a false, deceptive, or misleading representation by falsely describing itself as the original creditor.

## **COUNT II. VIOLATION OF TDCA § 392.304(a)(8)**

26. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

27. Section 304 of the TDCA states:

```
(a) Except as otherwise provided by this section, in debt
collection   or   obtaining   information   concerning   a
consumer, a debt collector may not use a fraudulent,
deceptive, or misleading representation that employs the
following practices:
. . . .
   (8) misrepresenting the character, extent, or amount
of a    consumer debt[.]
```

28. MRS misrepresented the amount of Plaintiff's alleged debt.

## **REQUEST FOR RELIEF**

29. Plaintiff requests this Court award her:

   a. Actual damages;

   b. Statutory damages;

   c. Injunctive relief;

   d. Costs; and

   e. A reasonable attorney's fee.

## **JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully Submitted,
By: s/Tyler Hickle
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com